IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| In re DONNIE NOLAN,<br><br>Petitioner. | Cause No. CV 14-15-BLG-SPW-CSO<br><br>FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE |

This action was filed on February 14, 2014, when the Clerk of Court received a two-page handwritten document from Donnie Nolan. The letter was filed as a petition for writ of habeas corpus under 28 U.S.C. § 2241. Nolan stated that he had been served with a federal arrest warrant but was being held in custody at the Yellowstone County Detention Center and was unable to proceed in either federal or state court. *See* Pet. (Doc. 1) at 1-2; Resp. to Order (Doc. 3) at 1; Order to United States (Doc. 5) at 1 para. 3. Nolan's statements suggested that state proceedings were being held in abeyance pending federal proceedings and federal proceedings were being held in abeyance pending state proceedings. Therefore, on March 4, 2014, the Court ordered the United States to advise the Court of the status of Nolan's state proceedings.

The Assistant United States Attorney who is prosecuting the federal indictment responded on March 10, 2014. He reports that Nolan is represented by counsel in state and municipal court proceedings and has made appearances on a

regular basis, including a jury trial in January 2014 and a hearing on February 28, 2014. Another trial is set for March 24, 2014.

Even if a federal detainer has been lodged against Nolan, the Interstate Agreement on Detainers, 18 U.S.C. App. 2, does not apply at this time because Nolan is not merely "serving a sentence" at the Yellowstone County Detention Center, *see United States v. Mauro*, 436 U.S. 340, 359 (1978) (quoting H.R. Rep. No. 91-1018 at 2 (1970)); he is facing pending state charges and/or awaiting sentencing on one or more state matters. The federal Speedy Trial Act also does not apply to him at this time. 18 U.S.C. § 3161(c)(1). The Montana Constitution and the Montana Code Annotated, *see* Pet. at 1-2, do not apply in federal court. To whatever extent Nolan has suffered pre-indictment delay or prejudice due to delay between indictment and arrest or appearance, or to the extent he believes he has other defenses, he may raise such claims after he appears in federal court. *See generally United States v. Mendoza*, 520 U.S. 758, 762-65 (2008); *United States v. Santana*, 526 F.3d 1257, 1261-62 (9th Cir. 2008).

There is no basis for federal habeas relief under 28 U.S.C. § 2241 or under other federal law at this time. Nolan's petition should be dismissed. To the extent a certificate of appealability is pertinent, *see* 28 U.S.C. § 2253(c)(1)(A), it not warranted. Reasonable jurists would agree that Nolan cannot compel the commencement of federal proceedings while state proceedings are ongoing.

Based on the foregoing, the Court enters the following:

**RECOMMENDATION**

1. Nolan's petition (Doc. 1) should be DISMISSED.

2. The Clerk of Court should enter, by separate document, a judgment of dismissal.

3. A certificate of appealability, to the extent it is required, should be DENIED.

**NOTICE OF RIGHT TO OBJECT
TO FINDINGS & RECOMMENDATION
AND CONSEQUENCES OF FAILURE TO OBJECT**

Nolan may object to this Findings and Recommendation within 14 days.[1] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Nolan must immediately notify the Court of any change in his mailing address</u> by filing a "Notice of Change of Address." Failure to do so may result in denial of this action without notice to him.

DATED this 17th day of March, 2014.

/s/   Carolyn S. Ostby
United States Magistrate Judge

---

[1] As this deadline allows a party to act within 14 days after the Findings and Recommendation is "served," Fed. R. Civ. P. 6(d) applies, and three days are added after the time would otherwise expire.