

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| In re DONNIE NOLAN, | Cause No. CV 14-15-BLG-SPW |
|---|---|
| Petitioner. | ORDER |

On December 5, 2013, a criminal case, *United States v. Nolan*, CR 13-114-BLG, was opened when the grand jury handed down an Indictment charging Donnie Darrell Nolan with federal firearms offenses. A federal arrest warrant was issued on the same day. The warrant has not been executed, and Nolan has not appeared on the pending criminal charges. *See* Fed. R. Crim. P. 4(c)(3)(A), 5(a)(1)(A). The criminal case was sealed upon filing of the Indictment. It remains sealed because Nolan has not been arrested and has not made an appearance in this Court. *See* D. Mont. L.R. 6.2.

In January 2014, Nolan submitted a letter to the Court. The letter was construed as a petition for writ of habeas corpus under 28 U.S.C. § 2241, and the above-captioned civil habeas case was opened, *In re Nolan*, No. CV 14-15-BLG.

Although Nolan's submissions are generally difficult to follow, it appeared that he might be contending he was held in custody on both state and federal charges, with no proceedings actually occurring in either case. For that reason, the

1

United States was required to investigate and respond. *See* Order to United States (Doc. 5) at 1, *In re Nolan*, No. CV 14-15-BLG. The United States reported that Nolan faces charges in state and local jurisdictions, that proceedings on those matters are ongoing, and that Nolan is represented by counsel in those actions. Resp. to Order (Doc. 7) at 1-3, *In re Nolan*, CV 14-15-BLG.

On April 2, 2014, this action in this Court – that is, *In re Nolan*, CV 14-15-BLG – was dismissed and terminated for lack of legal merit. The Court concluded that Nolan failed to allege facts sufficient to support an inference that any of his federal due process rights was violated by the manner in which his state or local or federal proceedings were being litigated. *See* Order (Doc. 10) at 2, *In re Nolan*, No. CV 14-15-BLG-SPW (D. Mont. judgment entered Apr. 2, 2014).

Despite entry of judgment, the Court received additional submissions from Nolan. On April 15, 2014, the Court received a one-page letter and a seven-page motion to dismiss directed at the criminal case, but the motion bore the civil habeas case caption and cause number. On April 18, 2014, the Court received a notice of appeal, also bearing the civil habeas case caption and cause number.[1]

Nolan's submissions received April 15, 2014, do not meet any criteria of Fed. R. Civ. P. 60(b). The Court has either considered and rejected their claims or

---

[1] Also on April 18, 2014, the Court received a 13-page combined motion to dismiss the criminal charges and to suppress evidence. This motion bore the criminal case caption and cause number, *United States v. Nolan*, CR 13-114-BLG. It was filed in the criminal case and is addressed under that case caption and cause number.

2

those claims are not properly litigated in this civil habeas proceeding under 28 U.S.C. § 2241. Construed as a motion under Fed. R. Civ. P. 60(b), the post-judgment motion to dismiss the federal criminal case is denied.

The Clerk will be directed to file the Notice of Appeal as of the date of its receipt on April 18, 2014.

Accordingly, IT IS HEREBY ORDERED as follows:

1. The motion to dismiss received on April 15, 2014, and including the phrase "Appeal If Needed" in its title, is DENIED.

2. A certificate of appealability is DENIED because Nolan fails to make a showing with any substance to it that he is being deprived of a federal constitutional right. 28 U.S.C. § 2253(c)(2).

3. The Clerk shall file the Notice of Appeal, received under the above-captioned case and cause number on April 18, 2014, as of that date.

4. Nolan will shortly receive notice from the Court of Appeals of the case number for his appeal. He will also receive notice from the Court of Appeals, probably in a separate document, of a briefing schedule.

5. Because this case is closed in this Court and a notice of appeal has been filed, any further submissions or inquiries by Nolan in this civil habeas matter must be directed and addressed to the Ninth Circuit Court of Appeals. Its mailing address is: Clerk of Court, Ninth Circuit Court of Appeals, P.O. Box 193939, San

Francisco, CA 94119-1939.

DATED this 22 day of April, 2014.

                                                     Susan P. Watters
                                                     United States District Court